**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLARENCE LUKER, # 276254,** | : | |
| **Plaintiff,** | : | |
| vs. | : | **CIVIL ACTION 20-0269-JB-MU** |
| **JOHNNY PORTIS,** *et al.,* | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff Clarence Luker, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review of the complaint (Doc. 1), it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Legal Standards for Screening a Complaint for Maliciousness.**

Because Luker sought leave to proceed *in forma pauperis* by filing his Motion to Proceed Without Prepayment Fees, the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

affirmatively misrepresents his litigation history on a complaint form requiring disclosure

of such history and signs the complaint under penalty of perjury, as such a complaint is

an abuse of the judicial process warranting dismissal without prejudice as malicious.

See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a

strike under 28 U.S.C. § 1915(g) an action that was dismissed for abuse of the legal

process because the inmate lied under penalty of perjury about a prior lawsuit),

overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17, 127 S.Ct. 910,

920, 166 L.Ed.2d 798 (2007); see also, e.g., Schmidt v. Navarro, 576 F. App'x 897, 898-

99 (11th Cir. 2014) (unpublished)[1] (affirming the finding that the action was malicious

because the plaintiff abused the judicial process when he failed to disclose the

existence of two prior federal actions in his complaint signed under penalty of perjury);

Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (finding an

action's dismissal without prejudice as malicious for abuse of the judicial process was

warranted where, in a complaint signed under penalty of perjury, the inmate failed to

disclose a case filed just five months before and another case filed six years earlier);

Jackson v. Florida Dep't of Corr., 491 F. App'x 129, 131-32 (11th Cir. 2012)

(unpublished) (affirming the dismissal without prejudice of an inmate's action as

malicious because he abused the judicial process when under penalty of perjury he

avowed on the complaint form that he had no actions dismissed prior to service process

even though he had one), cert. denied, 569 U.S. 960 (2013); Redmon v. Lake Cty.

Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

the dismissal without prejudice of the inmate's action that was found to be abusive when

he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit

relating to his imprisonment or conditions of imprisonment as required by the complaint

form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming

the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for

abuse of the judicial process after he checked "no" to the complaint form's question

asking if he had filed other actions in state or federal court because he had filed four

actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on

*Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial

process and the issuance of a strike when the prisoner had listed only two prior cases

even though he filed two other federal cases within the preceding month), *cert. denied*,

562 U.S. 1013 (2010).[2]

When an action is dismissed without prejudice as malicious, the Court must

consider whether the action may be re-filed.  *Schmidt*, 576 F. App'x at 899.  When the

statute of limitations has expired, a dismissal without prejudice is tantamount to a

dismissal with prejudice because the plaintiff will be unable to re-file his action, and the

court should then consider lesser sanctions.  *Stephenson v. Warden*, 554 F. App'x 835,

838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir.

2015) (unpublished).  In Alabama, the statute of limitations for filing a § 1983 action is

---

[2] Furthermore, in *Perry v. Locklear*, 2019 WL 2240535 (11th Cir. May 14, 2019) (not reported in the Fed. Rptr.), and *Nunnally v. Timothy,* 2019 WL 360068 (11th Cir. Jan. 15, 2019) (not reported in the Fed. Rptr.), the Eleventh Circuit denied each prisoner plaintiff leave to proceed *in forma pauperis* because the appeal of the district court's dismissal of each plaintiff's action for abusing the judicial process was frivolous.  In each instance, the district court had found the inmate made misrepresentations to the court when he did not disclose prior lawsuits when required.

two years.  *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

## II.  Analysis.

In the present action, Luker responded with "yes" to the complaint form's question if he had filed other lawsuits in state or federal court dealing with same or similar facts.  (Doc. 1 at 3, PageID.3).  And he responded with "no" to the complaint form's question if he had filed other lawsuits in state or federal court relating to his imprisonment.  (*Id.*).  If he responded with "yes" to either question, the form directed him to list his prior lawsuits.  (*Id.*).  The form then asked him to describe each lawsuit, and if there was more than one lawsuit, he was instructed to describe them on an additional piece of paper.  (*Id.*).  Luker listed two cases, *Luker v. Alabama Dep't of Corr.*, CA No. 11-00342-CB-B,[3] and *Luker v. Darbouse,* Civil Action No. 2:12-cv-00557-TFM on the form. (*Id.*).  He also referred to a claim with an ombudsman, Claim No. 175-20130372. (*Id.*).  Luker then signed his complaint under penalty of perjury.  (*Id.* at 9, PageID.9).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Records)[4] that Luker did not advise the Court of his other previously filed, non-habeas actions concerning his imprisonment, namely, *Luker v. Dr. Pavlakovic, et al.,* CA No. 2:2013-00315-TMH-TFM (M.D. Ala. 2013), *transferred Luker v. Corizon Health Servs.,* 4:13-

---

[3] PACER has Luker filing only one action in 2011, *Luker v. Escambia Cty. Detention Ctr.,* CA No. 1:11-00341-CB-B (S.D. Ala. 2013).

[4]  The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov.   Grandinetti v. Clinton*, No. 2:07-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. 2007).

01568-MHH-PWG (N.D. Ala. 2013); *Luker v. Blakely,* CA No. 2:13-00394-MHT-TFM

(M.D. Ala. 2013); *Luker v. Bucannan,* CA No. 1:18-00006-KD-B (S.D. Ala. 2018); and

*Luker v. Porch Creek Indians*, CA No. 1:20-00267-KD-N (S.D. Ala. filed May 8, 2020).

In *Luker v. Porch Creek Indians,* Plaintiff signed the complaint on May 4, 2020.

(Doc. 1 at 7, PageId.7).  Then two day later, on May 6, 2020, he signed the present

complaint.  (Doc. 1 at 9, PageID.9).  Both complaints were signed under penalty of

perjury.  It is apparent that Luker plainly knew of the complaint that he signed just two

days before signing the complaint in this action.  Moreover, after discovering and

reviewing these prior actions, the Court concludes that Luker did not provide the

information requested by the complaint form about his prior actions.  (Doc. 1 at 2,

PageID.2).  Therefore, when he filed the present complaint, he knowingly chose not to

list all his prior actions, and then he signed his complaint under penalty of perjury.  (*Id.*

at 9, PageID.9).

The Court's complaint form requests information about prior actions from a

prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. §

1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the

plaintiff is familiar with litigating his claims.  *Doctor v. Nichols*, 2015 WL 5546397, at *3

(N.D. Fla. 2015) (unpublished).  When the prisoner fails to provide information about all

his prior actions on the complaint form, the Court is deprived of this knowledge to assist

it in handling the prisoner's action, which causes the Court to expend more resources

and time.  (*Id.*).

Furthermore, the judicial system is structured so that when a plaintiff files a civil

action, he certifies to the court that his signed pleading, filing, or other paper "to the best

of [his] knowledge, information and belief, formed after an inquiry . . . is not being

presented for any improper purpose . . . and the factual contentions have evidentiary

support. . . ."  FED.R.CIV.P. 11(a) & (b)(1) & (2).  The purpose of Rule 11 is to impress

on the signer his personal responsibility of validating "the truth and legal

reasonableness of the document" he is filing, which assists in conserving the court

system's resources and in avoiding unnecessary proceedings.  *Business Guides, Inc. v.*

*Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931,

112 L.Ed.2d 1140 (1991).

Because Luker was not truthful in his complaint about his prior litigation, his

action is subject to being dismissed as malicious for abusing the judicial process.  The

only reason the undersigned would not recommend this action's dismissal without

prejudice is if the present action could not be re-filed because the two-year statute of

limitations for § 1983 actions in Alabama had expired.

An examination of the complaint's allegation reflects that Luker complains that in

2019 and 2020, his medical condition was not considered when he was placed in his job

at work release (Doc. 1 at 4, PageID.4), and on December 22, 2019, he was given an

injection to which he had an allergic reaction.  (*Id.* at 7, PageID.7).  Considering the

dates of these claims began, he will be able to re-file his action before the two-year

statute of limitations expires if he elects to do so.  Because this action can be re-filed,

this action is due to be dismissed without prejudice as malicious.

## III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be

dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) because it is malicious.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this **r**eport and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 9th day of July, 2020.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**